UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISRAEL BUSTAMONTE,<br><br>    Plaintiff,<br><br>v.<br><br>T CASTILLON, et al.,<br><br>    Defendants. | Case No. 22-cv-04725-VKD<br><br>**ORDER OF SERVICE; CASE MANAGEMENT SCHEDULE; INSTRUCTIONS TO CLERK** |

Pro se plaintiff Israel Bustamonte, a state prisoner, filed this civil rights action against a correctional officer and medical staff at the Salinas Valley State Prison ("SVSP"), where he is currently incarcerated. Dkt. No. 1. The Court screened the complaint and found it was deficient because the claim of deliberate indifference against defendants Bermudez and Johnson was not adequately pled, did not explain what injunctive relief he was seeking, and did not state on what basis he was suing Defendants. The Court gave Mr. Bustamonte leave to amend to correct these deficiencies. Dkt. No. 10. Mr. Bustamonte filed an amended complaint. Dkt. No. 11.

The amended complaint no longer includes defendants Bermudez and Johnson, it clearly indicates that Mr. Bustamonte is suing defendants in their individual capacities, *id.* ¶ 19, and it includes no request for injunctive relief, *id.* ¶ 83. Mr. Bustamonte has addressed the deficiencies identified in his earlier pleading.

**I.     BACKGROUND**

Mr. Bustamonte is currently confined at SVSP. Dkt. No. 11 ¶ 1. He brings this action against Correctional Officer T. Castillon for injuries he suffered during a "riot/melee" among inmates on September 28, 2021, in one of the yards at SVSP. *Id.* ¶¶ 13, 20-24. Mr. Bustamonte also sues SVSP medical staff for their deliberate indifference to his medical needs in treating those

injuries. *Id.* ¶¶ 14-16, 26-51.  With respect to this medical claim, Mr. Bustamonte names the following as defendants: F. Ssempewa (RN), Phuc Le (RN), F. Montegrande (RN), L. Muriith (RN), and Dr. Michael Moller. *Id.* ¶¶ 10, 14-15.

Mr. Bustamonte alleges that as soon as the riot broke out, he attempted to move away from the area where the riot was taking place. *Id.* ¶¶ 20-22.  Officers on the scene discharged pepper smoke which caused him to cough and impaired his vision. *Id.* ¶ 22.  He also heard loud bangs from officers discharging their weapons. *Id.*  When Mr. Bustamonte heard an officer close by yell, "get down," he turned his back to the officer to comply while keeping both arms up in the air. *Id.* ¶ 23.  Mr. Bustamonte claims that he then "out of nowhere lost conscious[ness] and all went dark," and that the next thing he recalls is being placed in the back of an ambulance. *Id.* ¶ 24.  Mr. Bustamonte alleges that Officer Castillon, who was the gun tower officer for D-Yard 5 block at the time, deliberately shot him on the right side of his face with a rubber bullet from the tower window, which was approximately 30 to 40 feet away. *Id.; see also id.* ¶ 57.  An unidentified officer noticed the wound on Mr. Bustamonte's face and called for medical attention. *Id.* ¶ 26. Defendants Nurse Bermudez and Nurse Ssempewa arrived. *Id.*  Mr. Bustamonte says that Nurse Bermudez only directed that he be taken to SVSP's Critical Treatment Center after several inmates yelled at the officers and nurses that he needed medical treatment at a hospital. *Id.* ¶ 27.

Mr. Bustamonte required treatment at the hospital where it was determined from a CT scan and X-rays that he had suffered head injuries including bruising, several fractures, and a laceration. *Id.* ¶¶ 29-34.  After several hours at the hospital, he was transported back to SVSP. *Id.* ¶¶ 34.

Mr. Bustamonte claims he experienced severe pain, vomiting, dizziness, and disorientation in the days that followed his injuries. *Id.* ¶ 36.  On October 1, 2021, he saw defendant Nurse Montegrande for a follow-up. *Id.* ¶ 37.  Mr. Bustamonte informed Nurse Montegrande that he was in severe pain, it hurt to chew food and swallow water, and that the pain medication was not sufficient. *Id.* ¶ 38.  Nurse Montegrande informed him that he would receive surgery soon, but that he would not be given more drugs (other than the "T-3s" already prescribed) because of Mr. Bustamonte's history of drug use. *Id.* ¶ 39.  He was also informed that a "soft food diet" had been

1 ordered. *Id.* ¶ 40.

2   On October 4, 2021, Mr. Bustamonte saw defendant Nurse Ssempewa. *Id.* ¶ 41.  Mr. Bustamonte informed Nurse Ssempewa that he had severe pain on the right side of his face, he could not chew regular food, and that he had not yet received the "soft food diet"; he also asked about his scheduled surgery. *Id.*  Nurse Ssempewa replied that he could do nothing about the food diet, that he would not provide "a fix to druggies," and that the surgery was scheduled. *Id.* ¶ 42.

  On October 5, 2021, Mr. Bustamonte saw defendant Nurse Phuc Le, whom he informed that he was in severe pain, the vision in his right eye was blurry, and that he had lost some hearing in his right ear. *Id.* ¶ 44.  He also informed Nurse Le that he had not eaten in the last few days and had not yet received his soft food diet. *Id.* ¶ 45.  Nurse Le informed him that the soft food order was there and that he should be getting his surgery within a couple of days. *Id.*  Mr. Bustamonte was sent back to his cell in severe pain. *Id.* ¶ 46.

  On or about October 6, 2021, Mr. Bustamonte saw defendant Nurse Muriith. *Id.* ¶ 47.  He informed Nurse Muriith that he had not eaten a proper meal in over a week and that he was feeling dizzy and disoriented; he requested a soft food diet meal. *Id.*  Nurse Muriith informed Mr. Bustamonte that he was there to perform tests prior to surgery, and that any other medical issues had to be taken up with his primary care provider ("PCP"). *Id.*  Mr. Bustamonte was sent back to his cell still in severe pain and worsening condition. *Id.* ¶ 48.

  A few days later, Mr. Bustamonte saw his PCP, defendant Dr. Michael Moller. *Id.* ¶ 49.  Mr. Bustamonte informed Dr. Moller that he was in severe pain, losing vision and hearing on his right side, and had dizzy periods and severe headaches. *Id.*  He also informed Dr. Moller that he had not yet received a soft food diet and been eating two slices of bread soaked in water each day. *Id.*  Dr. Moller informed him that a soft food diet had been recommended and that he would approve surgery for Mr. Bustamonte, after which, he would consider whether other medical procedures were needed. *Id.* ¶ 50.  Mr. Bustamonte was sent back to his cell. *Id.*

  Mr. Bustamonte alleges that he was denied any surgery for his severe injuries for over a year and that he never received a soft food diet, not even after he received surgery. *Id.* at ¶ 51.  He claims he continues to endure severe pain whenever he eats. *Id.*

3

## II. STANDARD OF REVIEW

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). A court may dismiss a case filed without the payment of the filing fee whenever it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). In conducting its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988); *Jackson v. Carey*, 353 F.3d 750, 757 (9th Cir. 2003).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Additionally, a complaint must include facts that are "more than labels and conclusions, and formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Only plausible claims for relief will survive a motion to dismiss. *Id*. at 679. A claim is plausible if the facts pled permit the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id*. A plaintiff does not have to provide detailed facts, but the pleading must include "more than an unadorned, the-defendant-unlawfully-harmed-me

1 accusation." *Id*. at 678.

## III. DISCUSSION

Mr. Bustamonte contends that his rights under the Eighth Amendment were violated due to the deliberate and intentional use of excessive force by Officer Castillon, Dkt. No. 11 at ¶¶ 57-64, and the deliberate indifference to his serious medical needs by the medical staff defendants, *id.* ¶¶ 69-79. The Court considers these claims below.

### A. Excessive Force

Whenever prison officials stand accused of using excessive force in violation of the Eighth Amendment, the core judicial inquiry is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992); *Whitley v. Albers*, 475 U.S. 312, 320–21 (1986). Mr. Bustamonte alleges that Officer Castillon deliberately shot him in the face, causing severe injury, even though Mr. Bustamonte was in the process of complying with orders to "get down" and presented no threat at the time. *See supra* at 2; Dkt. No. 11 at ¶ 57. These allegations, liberally construed, are sufficient to state an excessive force claim against Officer Castillon.

### B. Deliberate Indifference to Serious Medical Needs

Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need, and the nature of the defendant's response to that need. *See McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992). A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." *Id.* at 1059 (citing *Estelle*, 429 U.S. at 104). With regard to the second prong, a prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but he "must also draw the inference." *Id.* Liberally construed, Mr.

1 Bustamonte's allegations are sufficient to state an Eighth Amendment deliberate indifference

2 claim against Nurse Ssempewa, Nurse Le, Nurse Montegrande, Nurse Muriith, and Dr. Michael

3 Moller based on their knowledge that Mr. Bustamonte was in severe pain and unable to eat and

4 their failure to take reasonable steps to abate the risk of harm, including promptly treating his

5 injuries with surgery.

**IV.   CONCLUSION**

For the foregoing reasons and for good cause shown, the Court orders as follows:

1. The following defendants shall be served at Salinas Valley State Prison:

   a. **Correctional Officer T. Castillon**

   b. **Nurse F. Ssempewa, R.N.**

   c. **Nurse Phuc Le, R.N.**

   d. **Nurse F. Montegrande, R.N.**

   e. **Nurse L. Muriith, R.N.**

   f. **Dr. Michael Moeller**

Service on the listed defendants shall proceed under the CDCR e-service program for civil rights cases from prisoners in CDCR custody. In accordance with the program, the Clerk of the Court is directed to serve on CDCR via email the following documents: the operative complaint and any attachments thereto, Dkt. No. 11, this order of service, and a CDCR Report of E-Service Waiver form. The Clerk shall also include a magistrate judge jurisdiction consent/declination form. The clerk shall mail a copy of this Order to plaintiff.

No later than 40 days after service of this order via email on CDCR, CDCR shall provide the Court a completed CDCR Report of E-Service Waiver advising the Court which defendant(s) listed in this order will be waiving service of process without the need for service by the United States Marshal Service (USMS) and which defendant(s) decline to waive service or could not be reached. CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, shall file with the Court a waiver of service of process for the defendant(s) who are waiving service.

Upon receipt of the CDCR Report of E-Service Waiver, the Clerk shall prepare for each

defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-205 Form.  The Clerk shall provide to the USMS the completed USM-205 forms and copies of this order, the summons and the operative complaint for service upon each defendant who has not waived service.  The Clerk also shall provide to the USMS a copy of the CDCR Report of E-Service Waiver.

2. All communications from Mr. Bustamonte to the Court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

3. Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

4. It is Mr. Bustamonte's responsibility to prosecute this case.  Mr. Bustamonte must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

5. No later than **ninety-one (91) days** from the filing date of this order, defendants may file a motion for summary judgment or other dispositive motion with respect to the claims in the complaint found to be cognizable above.

   a. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure.  Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute.  If any defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

   b. **In the event defendants file a motion for summary judgment, the Ninth Circuit has held that, as a pro se prisoner, Mr. Bustamonte must be concurrently provided the appropriate warnings under *Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  See *Woods v. Carey*, 684 F.3d 934, 940 (9th Cir. 2012).**

1        6.      Mr. Bustamonte's opposition to any dispositive motion shall be filed with the Court and served on defendants no later than **twenty-eight (28) days** from the date defendants' motion is filed. The Court advises Mr. Bustamonte to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Mr. Bustamonte is cautioned that failure to file an opposition to defendants' motion for summary judgment may be deemed to be a consent by Mr. Bustamonte to the granting of the motion, and granting of judgment against Mr. Bustamonte without a trial. *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam); *Brydges v. Lewis*, 18 F.3d 651, 653 (9th Cir. 1994).

      7.      Defendants <u>shall</u> file a reply brief no later than **fourteen (14) days** after Mr. Bustamonte's opposition is filed.

      8.      The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

      9.      Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

      10.      The clerk shall terminate the following defendants who are no longer parties to this action: R.N. C. Bermudez, R. N. Lamphuc, and R.N. K Johnson. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) (defendants not named in an amended complaint no longer defendants).

**IT IS SO ORDERED.**

Dated: May 26, 2023



VIRGINIA K. DEMARCHI  
United States Magistrate Judge