UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ISRAEL BUSTAMONTE,<br><br>    Plaintiff,<br><br>v.<br><br>T CASTILLON, et al.,<br><br>    Defendants. | Case No. 22-cv-04725-VKD<br><br>**ORDER DIRECTING PLAINTIFF TO ADDRESS CLAIMS AGAINST DEFENDANT DR. MICHAEL MOELLER** |

    Pro se plaintiff Israel Bustamonte, a state prisoner, filed this civil rights action pursuant to 42 U.S.C. § 1983 against a correctional officer and medical staff at the Salinas Valley State Prison ("SVSP"), where he is currently incarcerated. Dkt. No. 1. The first amended complaint is the operative complaint in this action. Dkt. No. 11.

    With information provided by Mr. Bustamonte, the Court ordered the matter served on defendants on May 26, 2023. Dkt. No. 14. On July 14, 2023, the California Department of Corrections and Rehabilitation ("CDCR") returned the Report of E-Service Waiver, indicating that CDCR could not identify "Dr. Michael Moeller"[1] based on the information provided in the court order. Dkt. No. 16. According to the first amended complaint, Dr. Moeller was Mr. Bustamonte's primary care provider, and allegedly provided deficient medical care. Dkt. No. 11 ¶ 49. However, because CDCR could not identify any employee by that name, defendant Moeller has not been served.

    On August 23, 2023, the Court directed Mr. Bustamonte to provide more information for

---

[1] Mr. Bustamonte spells this defendant's name as "Moeller" in the original complaint and "Moller" in the first amended complaint. Dkt. No. 1 at 3; Dkt. No. 11 at 3.

this unserved defendant. Dkt. No. 27. In the same order, the Court asked SVSP's Litigation Coordinator to provide assistance in identifying defendant Moeller. *Id.* at 2.

G. Lopez, the Litigation Coordinator at SVSP, has filed a response, stating that they are unable to find anyone named Michael Moeller previously or currently employed by CDCR at SVSP. Dkt. No. 28 ¶ 6. Furthermore, a search of Mr. Bustamonte's medical records yielded no results for the terms "Moeller" or "Moller." *Id.* ¶ 9. G. Lopez states that the only reference to this defendant was found was in a letter dated September 28, 2021, addressed to Mr. Bustamonte from Natividad Medical Center. *Id.* ¶¶ 7-8. The letter indicates that Mr. Bustamonte was seen in the "Emergency Department" and that his caregivers included "Physician: Moeller, Michael G. MD." *Id.*; *see also* Dkt. No. 28, Ex. A.

The information provided by the Litigation Coordinator indicates that Mr. Bustamonte's allegations regarding defendant Moeller may require an amendment. The court may grant leave to amend when justice so requires. Fed. R. Civ. P. 15(a); *Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994). The amended complaint indicates Mr. Bustamonte saw his primary care provider ("PCP"), whom he identifies as Dr. Moeller, a few days after he saw defendant Nurse Muriith on October 6, 2021; this PCP allegedly provided inadequate medical care. Dkt. No. 14 at 3, citing Dkt. No. 11 ¶¶ 49-50. However, according to the information provided by the Litigation Coordinator, Dr. Moeller has never been employed at SVSP. It may be that Mr. Bustamonte has confused the identity of his PCP with Dr. Moeller, a physician then at Natividad Medical Center.

Mr. Bustamonte may file a motion for leave to amend his complaint to substitute the name of the proper defendant in place of defendant Moeller. Alternatively, if Mr. Bustamonte believes he can state a claim against Dr. Michael Moeller, a private physician not employed by SVSP, for inadequate medical received at Natividad Medical Center on September 28, 2021, he may file a motion for leave to amend his complaint to add such a claim.[2] Along with any such motion for

---

[2] If Dr. Moeller was acting as a purely private individual, Mr. Bustamonte will not be able to state a claim under 42 U.S.C. § 1983 against him because a private individual does not act under color of state law. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980). However, Mr. Bustamonte may be able to assert other claims against a private physician.

leave, Mr. Bustamonte must file a proposed second amended complaint that includes the caption and civil case number used in this order, Case No. C 22-cv-04725 VKD, and the words "SECOND AMENDED COMPLAINT" on the first page. If using the court form complaint, Mr. Bustamonte must answer all the questions on the form in order for the action to proceed. Mr. Bustamonte is advised that if the Court grants leave to file the second amended complaint, that complaint will supersede the first amended complaint, the latter being treated thereafter as non-existent. *Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015). Consequently, claims not included in a second amended complaint are no longer claims and defendants not named in a second amended complaint are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). If Mr. Bustamonte wishes to amend his first amended complaint, he must file a motion to amend **by October 6, 2023**.

If Mr. Bustamonte wishes to dismiss his existing claims against defendant Moeller and proceed against the remaining defendants on the basis of his first amended complaint without making any additional amendments, he may file a notice voluntarily dismissing those claims against defendant Moeller pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) **by October 6, 2023**.

Alternatively, if Mr. Bustamonte wishes to proceed with this action based on the existing allegations in his first amended complaint, he shall so advise the Court **by October 6, 2023**, and the Court will order the first amended complaint served on Dr. Moeller at Natividad Medical Center.

**IT IS SO ORDERED.**

Dated: September 8, 2023

VIRGINIA K. DEMARCHI
United States Magistrate Judge

3