UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| ISRAEL BUSTAMONTE, | Case No. 22-cv-04725-VKD |
|---|---|
| Plaintiff, | |
| v. | **ORDER DIRECTING DEFENDANTS TO INVESTIGATE RECEIPT AND DELIVERY OF MAIL; INSTRUCTIONS TO CLERK** |
| T. CASTILLON, et al., | |
| Defendants. | Re: Dkt. No. 72 |

Plaintiff Mr. Bustamonte has filed a letter expressing concern that the Salinas Valley State Prison ("SVSP") failed to send out his mail in connection with this action. Dkt. No. 72. Specifically, Mr. Bustamonte describes two recent occasions on which he attempted to have declarations delivered to defense counsel, in compliance with defendants' discovery requests and this Court's order, but that defendants' counsel reported she never received them.[1] *Id.* at 1. He further states that he suspects that officers at SVSP are deliberately interfering with sending out his mail. *Id.* at 1-2.

Mr. Bustamonte has a constitutional right to send and receive mail, including mail in connection with a civil action, while in prison. *See Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1995) (citing *Thornburgh v. Abbott*, 490 U.S. 401, 407 (1989)). He also has a constitutional right to access the courts without active interference from prison officials. *See Silva v. Di Vittorio*, 658 F.3d 1090, 1103 (9th Cir. 2011), *overruled on other grounds as recognized by Richey v. Dahne,*

---

[1] Mr. Bustamonte specifically refers to mail addressed to Lisa Giarratano, Deputy Attorney General. Ms. Giarratano withdrew as counsel for defendants Castillon, Le, Ssempebwa, and Muriithi on August 13, 2024 and was replaced by Peter Nichols. *See* Dkt. No. 63.

807 F.3d 1202, 1209 n.6 (9th Cir. 2015).  The Court takes seriously Mr. Bustamonte's assertions that his mail is not being timely sent out as addressed and that mail addressed to him is not being timely delivered.  And this is not the first time that there have been difficulties with Mr. Bustamonte's sending and receiving mail in connection with this action, including mail from the Court itself.  *See* Dkt. Nos. 48, 49, 51, 52, 53, 55.

All defendants have now filed motions for summary judgment.  Defendant Moeller filed a motion for summary judgment on April 15, 2024.  Dkt. No. 54.  He filed proof that his motion was delivered to the prison, although it cannot be determined from the tracking information provided whether the motion was delivered by the prison to Mr. Bustamonte.  *See* Dkt. No. 55.  The Court has received no opposition from Mr. Bustamonte to defendant Moeller's summary judgment motion.

Defendants Castillon, Le, Ssempebwa, and Muriithi also filed a motion for summary judgment on October 4, 2024.  Dkt. No. 70.  The certificate of service indicates that the motion was served by mail on Mr. Bustamonte on that date.  *Id.* at 3.  However, in view of the concerns identified above regarding Mr. Bustamonte's receipt of materials by mail, the Court questions whether Mr. Bustamonte has, in fact, received defendants' motion, as well as other filings and court orders.

To address these matters, the Court orders as follows:

1. Counsel for defendants Castillon, Le, Ssempebwa, and Muriithi shall investigate whether Mr. Bustamonte has, in fact, received defendants' motion for summary judgment and supporting papers.  If counsel is not able to confirm that Mr. Bustamonte has received the motion papers, he shall immediately take steps to ensure that the motion is delivered to Mr. Bustamonte, and not merely to the prison.

2. Counsel for defendants Castillon, Le, Ssempebwa, and Muriithi shall obtain from SVSP a copy of all entries in SVSP's "legal mail roster," to which Mr. Bustamonte refers in his letter (Dkt. No. 72 at 1-2), reflecting any occasions on which Mr. Bustamonte sent (or attempted to send) mail to any defense counsel or to the Court in connection with this action between May 1, 2024 and the date of his most recent letter on October 7, 2024.

3. By **October 23, 2024**, counsel for defendants Castillon, Le, Ssempebwa, and Muriithi shall file a declaration attesting to: (1) the results of his investigation regarding Mr. Bustamonte's receipt of defendants' motion for summary judgment and any additional steps taken to ensure delivery of the motion to Mr. Bustamonte; (2) the dates on which the "legal mail roster" reflects Mr. Bustamonte sent (or attempted to send) mail to any defense counsel or the Court in connection with this action between May 1, 2024 and October 7, 2024; and (3) whether counsel for defendants Castillon, Le, Ssempebwa, and Muriithi received the mail directed to him or his office, and if so, on what date the mail was received. The declaration shall attach the pages of the "legal mail roster" obtained by counsel from SVSP. If appropriate, counsel may redact entries relating to other prisoners' mail reflected on the roster as well as entries relating to any other mail from Mr. Bustamonte in connection with matters other than this action.

The Court directs the Clerk of Court to provide Mr. Bustamonte with a copy of the docket for this action so that he may review it and confirm that he has received all court orders and other filings in this matter. If Mr. Bustamonte has not received a specific court order, he may request a copy from the Court by providing the specific docket number(s). Mr. Bustamonte is advised to discuss any difficulties sending or receiving mail with SVSP's Litigation Coordinator who may be able to assist in resolving this issue.

**IT IS SO ORDERED.**

Dated: October 9, 2024

Virginia K. DeMarchi
United States Magistrate Judge