UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

ISRAEL BUSTAMONTE,

    Plaintiff,

v.

T. CASTILLON, et al.,

    Defendants.

Case No. 22-cv-04725-VKD

**ORDER GRANTING DEFENDANT MOELLER'S MOTION FOR SUMMARY JUDGMENT**

Re: Dkt. No. 54

Pro se plaintiff Israel Bustamonte, a state prisoner, asserts claims under 42 U.S.C. § 1983 against Correctional Officer T. Castillo, Nurse F. Ssempewa, Nurse Phuc Le, Nurse F. Montegrande, Nurse L. Muriith, and Dr. Michael Moeller, for use of excessive force and deliberate indifference to serious medical needs. Dkt. No. 11. Mr. Bustamonte seeks declaratory relief and damages. *Id.* at 23-24. The Court found the amended complaint, liberally construed, stated a deliberate indifference claim under the Eighth Amendment against Dr. Moeller and other named medical staff. Dkt. No. 14 at 5-6.

All parties have consented to magistrate judge jurisdiction. Dkt. Nos. 4, 24, 38.

Defendant Dr. Michael Moeller moves for summary judgment on the grounds that the claims against him fail as a matter of law.[1] Dkt. No. 54 at 2. Mr. Bustamonte did not file any opposition in the time provided. *See* Dkt. No. 58. However, the amended complaint is verified and therefore may be treated as an opposing affidavit.[2] Dkt. No. 11 at 23.

---

[1] The other defendants filed a separate motion for summary judgment which is not yet fully briefed. Dkt. No. 70.

[2] As Mr. Bustamonte has filed a verified complaint (Dkt. No. 11), the Court may rely on

The Court finds this matter suitable for resolution without oral argument. *See* Civil L.R. 7-1(b). For the reasons explained below, the Court grants Dr. Moeller's motion for summary judgment.

## I.     BACKGROUND

The following facts are undisputed unless otherwise noted:

### A.     Parties

Mr. Bustamonte is a state prisoner currently incarcerated at Salinas Valley State Prison ("SVSP") in Soledad, California, where the underlying events at issue in this action took place.

Dr. Michael Moeller is a physician. Dkt. No. 11 ¶ 15. Mr. Bustamonte alleges that Dr. Moeller was employed by the California Department of Corrections and Rehabilitation ("CDCR") at SVSP as a "medical provider to all inmates" and was Mr. Bustamonte's primary care physician. *Id.* ¶¶ 15, 49.

Dr. Moeller attests that he was never employed at SVSP and never served as Mr. Bustamonte's primary care physician. Rather, he attests that he was the attending Emergency Physician at Natividad Medical Center ("Natividad") on September 28, 2021, and treated Mr. Bustamonte in the Emergency Department on that date. Dkt. No. 54 at 5-6; Dkt. No. 54-3 ¶¶ 6-7, 10-12.

### B.     Mr. Bustamonte's Medical Care

For purposes of this motion, Dr. Moeller does not dispute that Mr. Bustamonte was involved in an incident at SVSP on September 28, 2021, during which Mr. Bustamonte was allegedly shot in the face with a rubber bullet by defendant Officer Castillon. Dkt. No. 11 ¶¶ 20-26; *see* Dkt. No. 54 at 4. Mr. Bustamonte was transported to Natividad to receive emergency care and treatment for his injuries. Dkt. No. 11 ¶¶ 29-34.

As stated above, Dr. Moeller attests that he was the attending Emergency Physician at Natividad. He further attests that he treated Mr. Bustamonte for "R sided facial pain." Dkt. No.

---

statements of fact in the amended complaint that he is competent to assert as if they were made by declaration. *Schroeder v. McDonald*, 55 F.3d 545, 460 (9th Cir. 1995) ("A verified complaint may be used as an opposing affidavit under Rule 56 [if it is] based on personal knowledge and set[s] forth specific facts admissible in evidence.") (internal citation omitted).

54 at 5; Dkt. No. 54-3 ¶¶ 6-7. According to his declaration, Dr. Moeller reviewed Mr. Bustamonte's vital signs and laboratory results, took a verbal history, and physically examined him. Dkt. No. 54-3 ¶ 7. After ordering a maxillofacial CT scan, Dr. Moeller determined that Mr. Bustamonte had suffered right-sided facial laceration, facial fractures, orbital fracture, and soft tissue hematoma. *Id.* ¶ 8. He ordered antibiotics for infection prophylaxis and decadron injection to reduce swelling. *Id.* He also arranged for an evaluation by an ear, nose, throat (ENT) specialist, who sutured the laceration to Mr. Bustamonte's face and recommended surgery on an outpatient basis. *Id.* Based on his own assessment and the ENT's recommendation, Dr. Moeller concluded it was appropriate to discharge Mr. Bustmonate back to SVSP with outpatient antibiotic prophylaxis and possible surgery on an outpatient basis. *Id.* ¶ 9. Mr. Bustamonte does not contest any of these assertions.[3] Nor does he challenge the quality of care he received at Natividad during the several hours he was there. Dkt. No. 11 ¶¶ 32-34.

After being seen at in the Emergency Department at Natividad, Mr. Bustamonte was transported back to SVSP on the same day and returned to his cell. *Id.* ¶¶ 35-36. In the days that followed, Mr. Bustamonte experienced severe pain, vomiting, dizziness, and disorientation. *Id.* ¶ 36. He was seen by several nurses, including those named as defendants, from October 1 through October 6, 2021, and repeatedly requested pain medication and soft food diet. *Id.* ¶¶ 37-48.

On or about October 6, 2021, a few days after he was seen by defendant Nurse Muriith, Mr. Bustamonte alleges he saw his primary care physician, or PCP, whom he identifies as Dr. Moeller. *Id.* ¶ 49. Mr. Bustamonte alleges he informed Dr. Moeller that he was in severe pain, losing vision and hearing on his right side, and had dizzy periods and severe headaches. *Id.* He alleges he also informed Dr. Moeller that he had not yet received a soft food diet and had been

---

[3] The Court notes that when service was attempted on Dr. Moeller at SVSP, the Litigation Coordinator at SVSP, G. Lopez, filed a declaration stating that he was unable to find anyone named Michael Moeller previously or currently employed by the CDCR at SVSP. Dkt. No. 28 at 2, ¶ 6. Mr. Lopez also provides a copy of a letter addressed to Mr. Bustamonte from Natividad that indicates he was seen in the "Emergency Department" by "Physician: Moeller, Michel G. MD" on September 28, 2021. *Id.* at 5. Mr. Bustamonte did not respond to the Court's order granting him leave to amend his claims against Dr. Moeller. Dkt. No. 29.

3

1  eating two slices of bread soaked in water each day.  *Id.*  Mr. Bustamonte alleges Dr. Moeller

2  informed him that a soft food diet had been recommended and that Dr. Moeller would approve

3  surgery for Mr. Bustamonte, after which, he would consider whether other medical procedures

4  were needed.  *Id.* ¶ 50.  Mr. Bustamonte was returned to his cell.  *Id.*

5  Mr. Bustamonte alleges that he was denied surgery for over a year and was never given a

6  soft food diet, even after he received surgery.  *Id.* ¶ 51.  He alleges that he continues to suffer due

7  to Dr. Moeller's refusal to provide him with adequate medical care.  *Id.* ¶ 52.

## II.   LEGAL STANDARD

A motion for summary judgment should be granted if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).  The moving party bears the initial burden of informing the court of the basis for the motion, and identifying portions of the pleadings, depositions, answers to interrogatories, admissions, or affidavits which demonstrate the absence of a triable issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  In order to meet its burden, "the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000).

If the moving party meets its initial burden, the burden shifts to the non-moving party to produce evidence supporting its claims or defenses.  *See id.* at 1102.  The non-moving party may not rest upon mere allegations or denials of the adverse party's evidence, but instead must produce admissible evidence that shows there is a genuine issue of material fact for trial.  *See id.*  A genuine issue of fact is one that could reasonably be resolved in favor of either party.  A dispute is "material" only if it could affect the outcome of the suit under the governing law.  *Anderson*, 477 U.S. at 248-49.

## III.   DISCUSSION

Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment.  *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).  A prison official violates the Eighth

1  Amendment only when two requirements are met: (1) the deprivation alleged is, objectively,
2  sufficiently serious, and (2) the official is, subjectively, deliberately indifferent to the prisoner's
3  health or safety. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994).
4        A "serious" medical need exists if the failure to treat a prisoner's condition could result in
5  further significant injury or the "unnecessary and wanton infliction of pain." *Id*. A prison official
6  is deliberately indifferent to a prisoner's health and safety if he knows that the prisoner faces a
7  substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate
8  it. *Id*. at 837. The official must both know of "facts from which the inference could be drawn"
9  that an excessive risk of harm exists, and he must actually draw that inference. *Id*. If a prison
10 official should have been aware of the risk, but was not, then the official has not violated the
11 Eighth Amendment, no matter how severe the risk. *Gibson v. County of Washoe*, 290 F.3d 1175,
12 1188 (9th Cir. 2002).
13       Mr. Bustamonte bears the burden of proof on his Eighth Amendment claim against Dr.
14 Moeller. Dr. Moeller contends that Mr. Bustamonte is mistaken in identifying him as the primary
15 care physician who treated him at SVSP in October 2021 and thereafter. Dkt. No. 54 at 8. He
16 observes that Mr. Bustamonte alleges no deficiencies in the care and treatment provided to him at
17 Natividad, and instead relies exclusively on the lack of adequate medical care provided by his
18 primary care physician and others at SVSP in early October 2021. *Id.* Dr. Moeller provides
19 evidence that he has never been Mr. Bustamonte's primary care physician and has never practiced
20 medicine at SVSP. Dkt. No. 54-3 ¶¶ 11, 12. Mr. Bustamonte has not responded to Dr. Moeller's
21 motion, and does not contest Dr. Moeller's evidence.
22       After a careful review of the evidence, the Court finds that there are no genuine issues of
23 material fact as to whether Dr. Moeller was responsible for the allegedly deficient medical care
24 Mr. Bustamonte received at SVSP during October 2021. The undisputed facts are that Dr.
25 Moeller treated Mr. Bustamonte at Natividad on September 28, 2021, immediately following the
26 riot incident at SVSP. It is also undisputed that Dr. Moeller was never Mr. Bustamonte's primary
27 care physician and did not practice medicine at SVSP. Accordingly, the Court finds that Dr.
28 Moeller is entitled to summary judgment on the Eighth Amendment claim asserted against him in

the amended complaint.[4]

## IV.     CONCLUSION

For the foregoing reasons, defendant Dr. Michael Moeller's motion for summary judgment is granted. Dkt. No. 54. The Eighth Amendment claim against Dr. Moeller is dismissed with prejudice. Dr. Moeller shall be terminated from this action.

This order terminates Docket No. 54.

**IT IS SO ORDERED.**

Dated: November 26, 2024

Virginia K. DeMarchi
United States Magistrate Judge

---

[4] The Court does not reach the question of whether Mr. Bustamonte could assert a claim for medical malpractice under California state law against Dr. Moeller (*see* Dkt. No. 54 at 9), as no such allegations are made in the amended complaint.

6