UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ISRAEL BUSTAMONTE,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>T. CASTILLON, et al.,<br><br>　　　　Defendants. | Case No. 22-cv-04725-VKD<br><br>**ORDER GRANTING DEFENDANT MONTEGRANDE'S MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 88 |

Pro se plaintiff Israel Bustamonte, a state prisoner, asserts a single claim (claim 2) under 42 U.S.C. § 1983 against defendant F. Montegrande for deliberate indifference to serious medical needs in violation of the Eighth Amendment. Dkt. No. 11. Dr. Montegrande moves for summary judgment. Dkt. No. 88. Plaintiff did not file an opposition. However, because the operative complaint is verified, it may be treated as an opposing affidavit.[1] *See* Dkt. No. 11 at 23.

The Court finds this matter suitable for resolution without oral argument. *See* Civil L.R. 7-1(b). For the reasons explained below, the Court grants Defendant's motion for summary judgment.

**I.     BACKGROUND**

The following facts are undisputed unless otherwise noted.

---

[1] The Court may rely on statements of fact in the amended complaint that Mr. Bustamonte is competent to assert as if they were made by declaration. *Schroeder v. McDonald*, 55 F.3d 545, 460 (9th Cir. 1995) ("A verified complaint may be used as an opposing affidavit under Rule 56 [if it is] based on personal knowledge and set[s] forth specific facts admissible in evidence.") (internal citation omitted).

### A. Procedural History

In his amended complaint, Mr. Bustamonte asserted claims against several defendants, including defendant Montegrande. Dkt. No. 11. The Court found the amended complaint, liberally construed, stated cognizable claims and ordered service on all named defendants. Dkt. No. 14 at 5-6. Other defendants filed motions for summary judgment, which the Court granted. *See* Dkt. Nos. 54, 70, 76, 86.

All parties have consented to magistrate judge jurisdiction. Dkt. Nos. 4, 24, 38, 84.

### B. Relevant Parties

Mr. Bustamonte is a state prisoner currently incarcerated at Salinas Valley State Prison ("SVSP") in Soledad, California, where the underlying events at issue in this action took place.

According to the amended complaint, defendant F. Montegrande was a nurse at SVSP. Dkt. No. 11 at 5, 11-12. However, defendant Montegrande attests that she is a licensed medical doctor, not a nurse. Dkt. No. 88-4 ¶ 1 (Montegrande Decl.). She further attests that between March 15 and October 15, 2021, she was posted at SVSP while "employed as a registry physician with an entity that provided temporary and relief staff to California Correctional Health Care Services (CCHCS) and CDCR." *Id.* ¶ 5. Mr. Bustamonte does not dispute these assertions.

### C. Medical Treatment

On September 28, 2021, Mr. Bustamonte was hit with a rubber bullet during an incident at SVSP. Dkt. No. 11 ¶ 24; *see* Dkt. No. 88-4 ¶ 11. After being assessed at SVSP's Treatment Triage Area, Mr. Bustamonte was transferred to Natividad Medical Center for medical treatment. Dkt. No. 11 ¶¶ 28, 29; Dkt. No. 88-4 ¶¶ 10, 12.

At Natividad Medical Center, Mr. Bustamonte received a CT scan and x-rays which showed he had suffered head injuries, including acute comminuted fractures of the cheekbone, nasal walls, orbit floors, and orbit wall. Dkt. No. 11 ¶¶ 32-34; Dkt. No. 88-4 ¶ 13. After several hours at the medical center, he was discharged back to SVSP with a prescription for Clindamycin, an antibiotic medication, and a plan for an operation when the swelling in his face decreased. Dkt. No. 11 ¶ 34; Dkt. No. 88-4 ¶ 14. He also received an urgent high-priority Ears, Nose, and Throat ("ENT") consult referral on the same day, as well as a prescription for two Tylenol #3 tablets,

three times daily.  Dkt. No. 88-4 ¶ 15.

In the days that followed the incident, Mr. Bustamonte experienced severe pain, vomiting, dizziness, and disorientation.  Dkt. No. 11 ¶ 36.  Dr. Montegrande examined Mr. Bustamonte on October 1, 2021.  Dkt. No. 11 ¶ 37; Dkt. No. 88-4 ¶ 17.  During the examination, Mr. Bustamonte told Dr. Montegrande that he was in severe pain, had difficulty chewing food and swallowing due to the pain, and that the pain medication he had received "wasn't doing much to ease the pain."  Dkt. No. 11 ¶ 38.  Dr. Montegrande does not dispute Mr. Bustamonte's description of his statements to her, but she attests that during the examination, he denied any blurred or double vision, was able to swallow without any difficulty, and was able to open his mouth, although the range of opening was limited because of pain.  Dkt. No. 88-4 ¶ 18.

The parties dispute several facts regarding the follow-up treatment Mr. Bustamonte received for his injuries at SVSP, including whether Mr. Bustamonte received adequate pain medication, whether he received a prescribed soft food diet, whether he timely received necessary surgery or whether surgery was delayed because he failed to comply with pre-surgery procedures, and whether he was provided or refused a consultation with an ENT specialist.  Mr. Bustamonte alleges that Dr. Montegrande refused to give him pain medication other than Tylenol #3, which did not adequately address his pain, and told him that due to Mr. Bustamonte's history of drug use he would not receive any other drugs.  Dkt. No. 11 ¶ 39.  He further asserts that he never received the prescribed soft food diet and did not receive necessary surgery for over a year.  *Id.* ¶ 51.  Dr. Montegrande attests that she extended Mr. Bustamonte's Tylenol #3 prescription, after consulting with SVSP's Chief Medical Officer,[2] and directed that he receive a soft food diet for an additional week.  Dkt. No. 88-4 ¶ 17.  She further attests that Mr. Bustamonte was scheduled to receive surgery on October 8, 2021, at Natividad Medical Center, but that he refused to attend a pre-surgery medical appointment and refused to take a COVID-19 test, which the medical center then required.  *Id.* ¶¶ 21-23.  Dr. Montegrande also says she rescheduled Mr. Bustamonte's initial ENT appointment for October 15, 2021, after he refused to attend the original appointment.  *Id.* ¶¶ 27-

---

[2] Dr. Montegrande asserts that Mr. Bustamonte's medical records reveal a history of amphetamine, fentanyl, and heroin use.  Dkt. No. 88-4 ¶ 24.

3

28.

**D.     Prison Administrative Remedies**

In his verified amended complaint, Mr. Bustamonte asserts that he exhausted administrative remedies for the claims in this action by filing an inmate grievance under Log No. 180867 and a health care grievance (Form 602 HC) under Log No. SVSP HC 21002095.  Dkt. No. 11 at 3.  Only the health care grievance is relevant to this motion for summary judgment.  Dr Montegrande filed a copy of the health care grievance in support of her motion, without dispute or objection from Mr. Bustamonte.  Dkt. No. 88-3 ¶¶ 9-10 (Nichols Decl.), Ex. 1.

Mr. Bustamonte filed the health care grievance on December 30, 2021.  Dkt. No. 88-3 at 5, Ex. 1.  The grievance includes the following assertions by Mr. Bustamonte: On September 28, 2021, he was hit by a rubber bullet during an incident at SVSP.  *Id.*  He was transferred from SVSP to Natividad Medical Center.  *Id.*  Dr. Moeller recommended a referral to a specialist and surgery within five days, stitches to be removed, and a soft food diet.  *Id.*  After being discharged to SVSP, Mr. Bustamonte requested a follow-up several times, he was in severe pain, he received no soft food diet, and the stitches were not removed for over three weeks.  *Id.* at 7.  As of the date of the grievance, he had not yet received surgery and he had not been seen by a specialist.  *Id.*  Dr. Montegrande, and other defendants, accused him of "just trying to get high" and refused to provide him with "minimal of medical care" for his severe injuries.  *Id.*  He continues to experience pain and suffering due to defendants' deliberate indifference to his medical needs.  *Id.*

On March 1, 2022, SVSP provided an institutional level response which determined that "no intervention" was necessary.  Dkt. No. 88-3 at 26, Ex. 2.  The response instructed Mr. Bustamonte that if he was dissatisfied with the response, he could submit his entire health care grievance package for headquarters' level review, which would constitute the final disposition of the grievance and exhaust his administrative remedies.  *Id.* at 28.

According to Dr. Montegrande, the Health Care Services Appeal History report indicates that Mr. Bustamonte did not submit grievance Log No. SVSP HC 21002095, or any other grievance, for headquarters' level review.  Dkt. No. 88-3 ¶¶ 15-17, Ex. 3.

4

## II. LEGAL STANDARD

A motion for summary judgment should be granted if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The moving party bears the initial burden of informing the court of the basis for the motion, and identifying portions of the pleadings, depositions, answers to interrogatories, admissions, or affidavits which demonstrate the absence of a triable issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In order to meet its burden, "the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000).

If the moving party meets its initial burden, the burden shifts to the non-moving party to produce evidence supporting its claims or defenses. *See id.* The non-moving party may not rest upon mere allegations or denials of the adverse party's evidence, but instead must produce admissible evidence that shows there is a genuine issue of material fact for trial. *See id.* A genuine issue of fact is one that could reasonably be resolved in favor of either party. A dispute is "material" only if it could affect the outcome of the suit under the governing law. *Anderson*, 477 U.S. at 248-49.

## III. DISCUSSION

Dr. Montegrande moves for summary judgment on the following grounds: (1) Mr. Bustamonte failed to administratively exhaust his remedies as to Dr. Montegrande; (2) Dr. Montegrande did not act with deliberate indifference to Mr. Bustamonte's medical needs; and (3) Dr. Montegrande is entitled to qualified immunity. Dkt. No. 88-2 at 6.

Because the undisputed evidence shows that Mr. Bustamonte did not exhaust his administrative remedies, the Court does not address defendant's second and third grounds for summary judgment.

### A. Failure to Exhaust re Deliberative Indifference Claim

The Prison Litigation Reform Act of 1995 ("PLRA") amended 42 U.S.C. § 1997e to

provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory. *Woodford v. Ngo*, 548 U.S. 81, 84 (2006) (citing *Booth v. Churner*, 532 U.S. 731, 739 (2001)). "Prisoners must now exhaust all 'available' remedies, not just those that meet federal standards." *Id*. at 85.

The PLRA's exhaustion requirement cannot be satisfied "by filing an untimely or otherwise procedurally defective administrative grievance or appeal." *Id*. at 84. "Proper exhaustion" requires compliance with prison grievance procedures. *Id.* at 90-91 (footnote omitted); *Jones v. Bock*, 549 U.S. 199, 217-18 (2007). Procedures may vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion. *Jones*, 549 U.S. at 218.

Nonexhaustion under § 1997e(a) is an affirmative defense. *Id*. at 211. A defendant has the burden of raising and proving the absence of exhaustion, and a prisoner is not required to specifically plead or demonstrate exhaustion in his complaint. *Id.* at 215-17. A defendant must produce evidence showing failure to exhaust in a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc). If the undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56. *Id*. But if material facts are disputed, summary judgment should be denied. *Id*.

During the period applicable to this action, prisoners incarcerated in the California prison system have the right to administratively grieve and appeal "applied health care policies, decisions, actions, conditions, or omissions that have a material adverse effect on their health or welfare." Cal. Code Regs. tit. 15, § 3999.226(a).[3] First, "[t]he grievant shall complete Section A

---

[3] The regulations regarding inmate health care appeals were renumbered, effective August 6, 2018. Former California Code of Regulations Title 15, sections 3087.1 through 3087.12 were renumbered without substantive change and are now found at sections 3999.226 through 3999.237 of the same title of the California Code of Regulations. This order refers to the regulations in effect at the time of Mr. Bustamonte's claim.

6

1  of the CDCR 602 HC and submit to the HCGO [Health Care Grievance Office] where the grievant
2  is housed within 30 calendar days of: (1) The action or decision being grieved, or; (2) Initial
3  knowledge of the action or decision being grieved." Cal. Code Regs. tit. 15, § 3999.227(b); *see*
4  *also id*. § 3999.225(n) (defining HCGO). "The grievant shall document clearly and coherently all
5  information known and available to him or her regarding the issue . . . includ[ing] any involved
6  staff member's last name, first initial, title or position, and the date(s) and description of their
7  involvement. If the grievant does not have information to identify involved staff member(s), the
8  grievant shall provide any other available information that may assist in processing the health care
9  grievance." *Id.* § 3999.227(g). Second, "[i]f dissatisfied with the institutional level health care
10 grievance disposition, the grievant may appeal the disposition . . . to HCCAB [Health Care
11 Correspondence and Appeals Branch] . . . within 30 calendar days plus five calendar days for
12 mailing. . . ." Cal. Code Regs. tit. 15, § 3999.229(a); *see also id*. § 3999.225(l) (defining
13 HCCAB). "The headquarters' level review constitutes the final disposition on a health care
14 grievance and exhausts administrative remedies. . . ." *Id.* § 3999.230(h); *see also id*.
15 § 3999.226(g) ("Health care grievances are subject to a headquarters' level disposition before
16 administrative remedies are deemed exhausted pursuant to section 3999.230.").

17 Having carefully reviewed the evidence presented, including the verified amended
18 complaint and Dr. Montegrande's summary judgment papers, and considering the evidence in the
19 light most favorable to Mr. Bustamonte, the Court finds that it is undisputed that the
20 administrative remedies provided in Title 15 of the California Code of Regulations, sections
21 3999.226-3999.230, were available to Mr. Bustamonte with respect to the claim at issue in this
22 action. Mr. Bustamonte does not allege that he was effectively prevented from submitting
23 grievances or appeals; he did not submit any contrary evidence on this point; and nothing in the
24 record suggests that he was prevented from submitting grievances or appeals. *See, e.g., Fordley v.*
25 *Lizarraga,* 18 F.4th 344, 351–52 (9th Cir. 2021) (summarizing circumstances in which
26 administrative remedies are deemed unavailable). Rather, the undisputed record reflects that Mr.
27 Bustamonte did not appeal the adverse institutional level decision to the HCCAB for headquarters'
28 level review as required by section 3999.229(a). The institutional level response instructed Mr.

Bustamonte that he must appeal in order to exhaust the claims, but he did not. *See supra*, sec. I.D.

Accordingly, the Court concludes that there is no genuine dispute of material fact, and that Dr. Montegrande is entitled to summary judgment on the affirmative defense of failure to exhaust administrative remedies with respect to Mr. Bustamonte's Eighth Amendment claim for deliberate indifference to serious medical needs against Dr. Montegrande. Because Mr. Bustamonte's failure to exhaust bars this matter from proceeding on the merits of his deliberate indifference claim, the Court does not address Dr. Montegrande's other grounds for summary judgment as to that claim. *See Jones*, 549 U.S. at 212 ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court.").

## IV.  CONCLUSION

For the foregoing reasons, defendant F. Montegrande's motion for summary judgment is granted. Mr. Bustamonte's claim for deliberate indifference to serious medical needs against defendant Montegrande is dismissed without prejudice for failure to exhaust administrative remedies.

This order terminates Docket No. 88.

**IT IS SO ORDERED.**

Dated: September 22, 2025

Virginia K. DeMarchi
United States Magistrate Judge